PAGE 1 OF 44

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAN 16 2008

ANDRÉ SMITH
DIN*: 03A6565
SOUTHPORT CORRECTIONAL FACILITY
P.O. BOX 2000
PINE CITY, NEW YORK 14871

**\*\* ORIGINAL COMPLAINT \*\***

CJS(P)

RE: ANDRÉ SMITH, PRO SE
                        PLAINTIFF

VS.

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
2120 U.S. COURTHOUSE
100 STATE STREET
ROCHESTER, NEW YORK 14614

THE FOLLOWING GOVERNOR, COMMISSIONERS,
CHAIRMAN, SUPERINTENDENT, CORRECTION
OFFICER AND HEARING OFFICER,
INDIVIDUALLY AND IN          DEFENDANTS
THEIR OFFICIAL CAPACITIES

1.* GOVERNOR ELIOT SPITZER
2.* COMMISSIONER BRIAN FISCHER
3.* COMMISSIONER FREDRICK LAMY
4.* COMMISSIONER FRANCES SULLIVAN
5.* CHAIRMAN DANIEL STEWART
6.* SUPERINTENDENT DAVID NAPOLI
7.* CORRECTIONS OFFICER R. McCRACKEN
8.* HEARING OFFICER J. ESGROW

ENCLOSED PLEASE FIND FOR FILING IN THE ABOVE ENTITLED CASE

- PAGES 2-3 _____ PARTIES INVOLVED
- PAGE 4 _____ PREVIOUS LAWSUIT BY PLAINTIFF
- PAGE 4 _____ EXHAUSTION OF ADMINISTRATIVE REMEDIES
- PAGE 4 _____ STATEMENT OF CLAIM
- PAGES 5-29 _____ STATEMENT OF FACTS
- * PAGES 30-39 _____ PLAINTIFF'S LIST OF CLAIMS
- * PAGES 38-40 _____ PRAYER FOR RELIEF
- * PAGES 41-43 _____ MOTION TO PROCEED IN FORMA PAUPERIS, PRISON AUTHORIZATION
- * PAGE 44 _____ CIVIL COVER SHEET

## PARTIES INVOLVED

\* A. PLAINTIFF ANDRÉ SMITH IS CONFINED IN THE SOUTHPORT CORRECTIONAL FACILITY, LOCATED IN PINE CITY, NEW YORK.

\* 1.\* DEFENDANT GOVERNOR ELIOT SPITZER IS AND WAS AT ALL RELEVANT TIMES HEREIN THE GOVERNOR OF THE STATE OF NEW YORK, HE IS LOCATED IN ALBANY, NEW YORK.

\* 2.\* DEFENDANT COMMISSIONER BRIAN FISCHER IS AND WAS AT ALL RELEVANT TIMES HEREIN THE COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, LOCATED IN ALBANY, NEW YORK.

\* 3.\* DEFENDANT COMMISSIONER FREDRICK LAMY IS AND WAS AT ALL RELEVANT TIMES HEREIN THE COMMISSIONER OF THE STATE COMMISSION OF CORRECTIONS, LOCATED IN ALBANY, NEW YORK.

\* 4.\* DEFENDANT COMMISSIONER FRANCES SULLIVAN IS AND WAS AT ALL RELEVANT TIMES HEREIN THE COMMISSIONER OF THE STATE COMMISSION OF CORRECTIONS, LOCATED IN ALBANY, NEW YORK.

\* 5.\* DEFENDANT CHAIRMAN DANIEL STEWART IS AND WAS AT ALL RELEVANT TIMES HEREIN THE CHAIRMAN OF THE STATE COMMISSION OF CORRECTIONS, LOCATED IN ALBANY, NEW YORK

*6*. DEFENDANT SUPERINTENDENT DAVID NAPOLI IS AND WAS AT ALL RELEVANT TIMES HEREIN THE SUPERINTENDENT OF THE SOUTHPORT CORRECTIONAL FACILITY, LOCATED IN PINE CITY, NEW YORK.

*7*. DEFENDANT CORRECTIONS OFFICER R. McCRACKEN IS AND WAS AT ALL RELEVANT TIMES HEREIN A CORRECTIONS OFFICER AT THE SOUTHPORT CORRECTIONAL FACILITY, LOCATED IN PINE CITY, NEW YORK.

*8*. DEFENDANT HEARING OFFICER J. ESGROW IS AND WAS AT ALL RELEVANT TIMES HEREIN A HEARING OFFICER AT THE SOUTHPORT CORRECTIONAL FACILITY, LOCATED IN PINE CITY, NEW YORK.

*9*. THIS ACTION ARISES UNDER AND IS BROUGHT PURSUANT TO 42 U.S.C § 1983, TO REMEDY THE DEPRIVATION UNDER COLOR OF STATE LAW, OF CONSTITUTIONAL RIGHTS GUARANTEED BY THE 1ST, 6TH, 8TH AND 14TH AMENDMENT UNDER THE U.S. CONSTITUTION.

*10*. THIS COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C.§ 1331.

*11*. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28. U.S.C.§ 2283 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

* 12#. THIS CAUSE OF ACTION AROSE IN THE WESTERN DISTRICT OF NEW YORK.

THEREFORE, VENUE IS PROPER UNDER 28 U.S.C. § 1391.

## PREVIOUS LAWSUITS BY PLAINTIFF

* 13#. PLAINTIFF HAS FILED OTHER LAWSUITS DEALING WITH AN ACTION RELATING TO HIS IMPRISONMENT.

* 14#. PLAINTIFF CURRENTLY HAS THREE (3) OTHER LAWSUITS PENDING IN THIS COURT, (04 CV 6432) AND (07 CV 6265) AND (07 CV 6350).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

* 15#. PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES BY FILING GRIEVANCES RELATING TO ALL OF HIS CLAIMS.

## STATEMENT OF CLAIM

* 16#. PLAINTIFF REALLEGES AND INCORPORATED BY REFERENCE PARAGRAPHS (1-44) HEREIN.

AT ALL RELEVANT TIMES HEREIN, DEFENDANTS WERE "PERSONS" FOR PURPOSE OF 42 U.S.C. § 1983 AND ACTED UNDER COLOR OF STATE LAW TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS, AS SET FORTH MORE FULLY IN THIS STATEMENT OF FACTS STATED ON THE NEXT PAGE.

SINCERELY,
André Smith
ANDRÉ SMITH
PIN#: 03A6565
SOUTHPORT Correctional Facility

DATED : JANUARY 11TH, 2008

* JURY TRIAL DEMANDED

* STATEMENT OF FACTS *                 PAGE 5 OF 44

1. THE PLAINTIFF ANDRÉ SMITH HAS A COUSIN WHO IS INCARCERATED IN CALIPATRIA STATE PRISON IN CALIPATRIA, CALIFORNIA.

THE PLAINTIFF'S COUSIN'S NAME IS TERRAINE BRADSHAW AND HE IS ALSO A CO-DEFENDANT IN THE PLAINTIFF'S CALIFORNIA CRIMINAL CASE.

THE PLAINTIFF AND HIS COUSIN TERRAINE BRADSHAW ARE PROCEEDING PRO PER IN THEIR CRIMINAL CASE, WHICH MEANS THEY ARE ACTING AS THEIR OWN COUNSEL.

2. ON NOVEMBER 7TH, 2007, THE PLAINTIFF WROTE A LETTER TO THE CALIPATRIA PUBLIC INFORMATION OFFICER MR. R. DIN, REQUESTING TO KNOW HIS COUSIN'S PRISON SENTENCE, WHICH THE PLAINTIFF HAD THE RIGHT TO DO SINCE HIS COUSIN WAS A CO-DEFENDANT IN THE PLAINTIFF'S CALIFORNIA CRIMINAL CASE.

HOWEVER, THE PLAINTIFF'S LETTER WAS INTERCEPTED AND READ BY CALIPATRIA PUBLIC INFORMATION OFFICER SHAWN McLINN.

THE PLAINTIFF IS AND WAS AT ALL RELEVANT TIMES INCARCERATED IN THE SOUTHPORT CORRECTIONAL FACILITY IN PINE CITY, NEW YORK.

3. ON NOVEMBER 17TH, 2007, THE PLAINTIFF'S LETTER WAS CENSORED, REJECTED AND PHOTOCOPIED BY CALIPATRIA PUBLIC INFORMATION OFFICER SHAWN McLINN, AND A PHOTOCOPY OF THE PLAINTIFF'S LETTER WAS SENT TO THE DEFENDANTS SOUTHPORT MAILROOM OFFICER R. McCRACKEN, SOUTHPORT SUPERINTENDENT DAVID NAPOLI AND NEW YORK STATE DEPARTMENT OF CORRECTIONS COMMISSIONER BRIAN FISCHER, AND GOVERNOR ELIOT SPITZER. DEFENDANTS SOUTHPORT SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER FAILED TO GIVE, DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN, EXPLICIT INSTRUCTIONS AS TO THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS TO BE FOLLOWED IN NOTIFYING THE PLAINTIFF THAT HIS LETTER WAS CENSORED AND BEING WITHHELD WHICH VIOLATED THE PLAINTIFF'S FIRST AMENDMENT FREEDOM OF SPEECH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS AND WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.)

4. DEFENDANT COMMISSIONER BRIAN FISCHER IMPLEMENTS POLICIES AND REGULATIONS CONCERNING THE TREATMENT OF INMATES LOCATED WITHIN THE NEW YORK STATE DEPARTMENT OF CORRECTIONS, THEREFORE HE IS LIABLE FOR THE INJURIES THE PLAINTIFF SUSTAINED, WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNIT (S.H.U.)

5#. ON NOVEMBER 20TH, 2007, THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN WROTE A TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF CLAIMING THAT HE VIOLATED TWO NEW YORK STATE DEPARTMENT OF CORRECTIONS RULES OF CONDUCT. ( RULE 113.27 AND RULE 180.11 )

* RULE 113.27 STATES :

AN INMATE SHALL NOT SOLICIT, POSSESS OR EXCHANGE ANY DISCIPLINARY OR GRIEVANCE DOCUMENT PERTAINING TO ANOTHER INMATE, OR ANY DOCUMENT WHICH CONTAINS CRIME AND SENTENCE INFORMATION PERTAINING TO ANOTHER INMATE WHO IS NOT A CO-DEFENDANT.

RULE 180.11 STATES :

AN INMATE SHALL COMPLY WITH AND FOLLOW THE GUIDELINES AND INSTRUCTIONS GIVEN BY STAFF REGARDING FACILITY CORRESPONDENCE PROCEDURES PURSUANT TO REQUIREMENTS OF DEPARTMENTAL DIRECTIVE NOS 4422 AND 4421.

6#.
* IT SHOULD BE NOTED THAT, DURING THE PLAINTIFF'S TIER 3 DISCIPLINARY HEARING, THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN NOTIFIED THE DEFENDANT HEARING OFFICER J. ESGROW , THAT "NO" INVESTIGATION WAS EVER CONDUCTED TO DETERMINE IF THE PLAINTIFF AND HIS COUSIN TERRAINE BRADSHAW WERE CO-DEFENDANTS, PRIOR TO, AND ALSO AFTER SHE WROTE THE TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF.

7#. ON NOVEMBER 20TH, 2007, THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN FAILED TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS, BECAUSE SHE FAILED TO NOTIFY THE PLAINTIFF THAT HIS LETTER WAS CENSORED AND BEING WITHHELD AND FAILED TO GIVE THE PLAINTIFF AN OPPORTUNITY TO CHALLENGE THE CENSORSHIP AND THE WITHHOLDING OF THE LETTER TO THE DEFENDANT SOUTHPORT SUPERINTENDENT DAVID NAPOLI, PRIOR TO WRITING A TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF, WHICH VIOLATES THE PLAINTIFF FIRST AMENDMENT FREEDOM OF SPEECH RIGHT, SIXTH AMENDMENT RIGHT TO COUNSEL RIGHT AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT.

8*. THE DEFENDANT MAILROOM OFFICER R. McCRACKEN FAILED TO NOTIFY THE PLAINTIFF THAT HIS LETTER WAS CENSORED AND BEING WITHHELD, FAILED TO GIVE THE PLAINTIFF AND OPPORTUNITY TO CHALLENGE THE CENSORSHIP TO THE DEFENDANT SOUTHPORT SUPERINTENDENT DAVID NAPOLI, FAILED TO PROPERLY INVESTIGATE THE SITUATION, FAILED TO INTERVIEW THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF PRIOR GRIEVANCES AND COMPLAINTS AGAINST THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN, WHICH VIOLATES THE PLAINTIFF'S FIRST AMENDMENT RIGHT UNDER THE U.S. CONSTITUTION.

ON NOVEMBER 1st, 2007, WHICH WAS TWO WEEKS BEFORE THE PLAINTIFF'S LETTER WAS CENSORED BY CALIFORNIA AUTHORITIES, THE PLAINTIFF FILED A GRIEVANCE AND COMPLAINT AGAINST THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN AND THE SOUTHPORT MAILROOM STAFF AS A WHOLE BASED ON THE FACT THAT THE PLAINTIFF WAS DENIED ACCESS TO FAMILY PHOTOS THAT WERE INSIDE OF AN OVERSIZED U.P.S. ENVELOPE THAT WAS SENT TO THE PLAINTIFF ON OCTOBER 31st, 2007.

THEIR IS A CAUSAL CONNECTION BETWEEN THE PLAINTIFF'S PROTECTED SPEECH AND THE ADVERSE ACTION TAKEN BY THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN, WHICH EFFECTIVELY CHILLED THE EXERCISE OF THE PLAINTIFF'S FIRST AMENDMENT RIGHT.

10#. THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN TOOK ADVERSE ACTION AGAINST THE PLAINTIFF, IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF A GRIEVANCE AGAINST THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN AND THE SOUTHPORT MAILROOM STAFF AS A WHOLE, WHICH PRODUCED THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.) THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN ADVERSE ACTION OF FAILING TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS IN RETALIATION OF THE PLAINTIFF'S PURSUIT OF A GRIEVANCE AGAINST HER AND OTHER MAILROOM STAFF DETERED THE PLAINTIFF AND WOULD DETER A PRISONER OF ORDINARY FIRMNESS FROM VINDICATING HIS OR HER CONSTITUTIONAL RIGHTS

11#. THROUGH THE GRIEVANCE PROCESS AND THE COURTS. IT SHOULD BE NOTED THAT, DURING THE PLAINTIFF'S TIER 3 DISCIPLINARY HEARING, THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN NOTIFIED THE DEFENDANT HEARING OFFICER ESGROW , THAT NO INVESTIGATION WAS EVER CONDUCTED TO DETERMINE IF THE PLAINTIFF AND HIS COUSIN TERRANE BRADSHAW WERE CO-DEFENDANT, PRIOR TO, AND AFTER SHE WROTE THE TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF, WHICH IS PROOF THE DEFENDANT MAILROOM OFFICER R. McCRACKEN ISSUED THIS TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF IN RETALIATION FOR HIS PURSUIT OF A GRIEVANCE AGAINST HER

12.* THE NEW YORK STATE DEPARTMENT OF CORRECTIONS MAIL CENSORSHIP REGULATION, NEW YORK COMP. CODES RULES AND REGULATIONS TITLE 7 PART 720.4 (G)(1) IS UNCONSTITUTIONAL AND VIOLATED THE PLAINTIFF'S FIRST AMENDMENT FREEDOM OF SPEECH RIGHT AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT UNDER THE U.S. CONSTITUTION. THE DEFENDANTS SOUTHPORT MAILROOM OFFICER R. McCRACKEN, SOUTHPORT SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER'S COMPLIANCE WITH THIS UNCONSTITUTIONAL MAIL CENSORSHIP REGULATION (NYCCR, TITLE 7 § 720.4(G)(1)) PRODUCED DISASTROUS CONSEQUENCES FOR THE PLAINTIFF AND WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNIT (S.H.U.) WHICH IS AN ENVIRONMENT WHERE THE PLAINTIFF WILL BE LOCKED IN A CELL 24 HOURS A DAY AND THE PLAINTIFF WILL BE FORCED INTO AN ENVIRONMENT (S.H.U.) THAT CAUSES SENSORY DEPRIVATION WHICH RESULTS IN EXTREME ANXIETY, HALLUCINATIONS, BIZARRE THOUGHTS DEPRESSION, ANTI-SOCIAL BEHAVIOR, SIGNIFICANT PSYCHOLOGICAL DISTRESS, SYMPTOMS OF SCHIZOPHRENIA, DEPRIVATION OF STIMULI WHICH INDUCES REGRESSION BY DEPRIVING THE PLAINTIFF'S MIND OF CONTACT WITH AN OUTER WORLD AND THUS FORCING IT IN UPON ITSELF, WHICH CAN CAUSE THE PLAINTIFF'S PERSONALITY TO DISINTEGRATE.

13#. THIS IS THE TYPE OF ENVIRONMENT (S.H.U.) AND MENTAL MIND BREAKING PROBLEMS THAT THE PLAINTIFF WILL BE SUBJECTED TO FOR THE NEXT 14 MONTHS DUE TO THE DEFENDANTS SOUTHPORT SUPERINTENDENT DAVID NAPOLI, SOUTHPORT MAILROOM OFFICER R. McCRACKEN, COMMISSIONER BRIAN FISCHER AND HEARING OFFICER J. ESGROW FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND THEIR (DEFENDANTS) COMPLIANCE WITH THE UNCONSTITUTIONAL NEW YORK STATE DEPARTMENT OF CORRECTIONS MAIL CENSORSHIP REGULATION, NEW YORK COMP. CODES RULES REGULATION'S, TITLE 7 PART 720.4 (G)(1).

14#. NEW YORK STATE DEPARTMENT OF CORRECTIONS MAIL CENSORSHIP REGULATION, NEW YORK COMP. CODES RULES REGULATIONS, TITLE 7 PART 720.4 (G)(1) STATES 8

* WHEN INCOMING CORRESPONDENCE IS WITHHELD BY THE DESIGNATED STAFF MEMBER, NOTIFICATION SHALL BE SENT TO THE SENDER AND THE INTENDED CORRESPONDENT OF THE ACTION TAKEN AND THE REASONS THEREFORE, UNLESS DOING SO WOULD INTERFERE WITH AN ONGOING INVESTIGATION.

15.# NEW YORK COMP. CODES, RULES, REGULATIONS, TITLE 7 PART 720.4(G)(1) DOES NOT DEFINE THIS PHRASE "UNLESS DOING SO WOULD INTERFERE WITH AN ONGOING INVESTIGATION" NOR DOES IT OTHERWISE PROVIDE SPECIFIC GUIDELINES FOR WHEN MAIL CAN BE CENSORED, AND AN INVESTIGATION CONDUCTED REGARDING THE CENSORSHIP. WITHOUT GUIDANCE, PRISON OFFICIALS WOULD BE PROVIDED WITH COMPLETE DISCRETION TO CENSOR MAIL. NEW YORK COMP. CODES, RULES, REGULATIONS, TITLE 7 PART 720.4(G)(1) IS NOT NARROWLY TAILORED TO MEET THE ARTICULATED GOVERNMENTAL INTEREST INVOLVED WHICH VIOLATES THE FIRST AMENDMENT AND ALLOW FOR ALL OF THE DEFENDANTS TO VIOLATE THE PLAINTIFF'S FIRST AMENDMENT FREEDOM OF SPEECH RIGHT AND HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT, BY FAILING TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS.

16.# NEW YORK COMP. CODES, RULES, REGULATIONS, TITLE 7 PART 720.4(G)(1) IS UNCONSTITUTIONAL BECAUSE IT IS OVERBROAD AND ALLOWS FOR THE CENSORSHIP AND DEPRIVATION OF THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS IN RELATION TO THE PLAINTIFF'S PROTECTED SPEECH. PHRASES SHOULD BE GIVEN CONSISTENT MEANING WHEN USED IN RELATION TO A MAIL CENSORSHIP REGULATION. NEW YORK COMP. CODES, RULES, REGULATION, TITLE 7 PART 720.4(G)(1) IS SO VAGUE THAT A PERSON OF COMMON INTELLIGENCE MUST NECESSARILY GUESS AT IT'S MEANING AND DIFFER AS TO IT'S APPLICATION, VIOLATES THE FIRST ESSENTIAL OF DUE PROCESS OF LAW.

17. New York comp. codes Rules Regulation, Title 7 § 720.4(c)(1) is Unconstitutional because it gives the defendants complete and unfettered discretion to censor mail and enhances the inherent problem of chilling protected speech, because it does not give the author of the Rejected letter an opportunity to protest and challenge the rejection decision while the investigation is being conducted. An Investigation is NOT authentic and complete unless you give the author of the Rejected and withheld letter an opportunity to challenge the rejection and withholding of the letter and give his side of the story.

18. For example, since the defendants Southport Mailroom officer R. McCracken, Southport Superintendent David Napoli and commissioner Brian Fischer failed to notify the Plaintiff of the impending rejection and withholding of his letter while they investigated the circumstances surrounding the censorship of his letter by California Authorities, which deprived them of having a complete Investigation due to the fact that they could not possibly have had the full details surrounding the censorship of the Plaintiff's letter, because all parties involved were not notified.

In Fact the Plaintiff was NOT Interviewed, questioned or notified that this letter was censored and withheld while the SO-CALLED Investigation was taking place.

**New York Comp. Codes Rules Regulation, Title 7 Part 720.4(g)(1) is Unconstitutional because it fails to Require the Aid of the Author of the Withheld Letter to Provide for a Meaningful Investigation into the decision to censor and Reject the Letter. New York Comp. Codes Rules Regulation, Title 7 Part 720.4(g)(1) is also Unconstitutional because it fails to Provide for an Appeal of the Rejection decision to an Impartial Third Party Prior to the Letter Being Returned.**

This is Necessary to ensure that Future Rejection decisions are Fair, and based on Appropriate Factors.

**Minimum Mail Censorship Procedural Safeguards are not Mandated solely because of the Due Process Clause of the Fourteenth Amendment, but are Primarily Required because of the First Amendment Free Speech Rights that are being Protected. It is because of the concerns over Protecting the Freedom of Speech and Preventing the Chilling of Speech that Procedural Safeguards must be in Place before Letters are Withheld or Censored.**

New York Comp. Codes Rules Regulations, Title 7 Part 720.4(g)(1) allowed the Defendants to Withhold the Plaintiff's Letter and chilled his Protected Speech and was a Substantial Factor in Producing the Plaintiff's Injuries which was a total of 14 Months in the Security Housing Units (S.H.U.)

21. NEW YORK COMP. CODES RULES REGULATION, TITLE 7 PART 720.4(G)(1) IS UNCONSTITUTIONAL BECAUSE IT GIVES ALL OF THE DEFENDANTS COMPLETE DISCRETION TO CENSOR AND WITHHOLD MAIL.

* FOR EXAMPLE, DURING THE PLAINTIFF'S TIER 3 DISCIPLINARY HEARING, THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN NOTIFIED THE DEFENDANT HEARING OFFICER J. ESGROW, THAT "NO" INVESTIGATION WAS EVER CONDUCTED TO DETERMINE IF THE PLAINTIFF AND HIS COUSIN TERRAINE BRADSHAW WERE CO-DEFENDANT PRIOR TO, AND ALSO AFTER SHE WROTE THE TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF WHICH BASICALLY MEANS THEIR WAS NO LOGICALL REASON FOR THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN TO WRITE A TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF FOR RULE #113.27, AND THEIR WAS ALSO NO LOGICAL REASON TO WITHHOLD AND CENSOR THE PLAINTIFF'S LETTER.

* THE DEFENDANTS SOUTHPORT MAILROOM OFFICER R. McCRACKEN, SOUTHPORT SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER "USED" NEW YORK COMP. CODES RULES REGULATION, TITLE 7 PART 720.4(G)(1), AS AN "EXCUSE" TO CENSOR THE PLAINTIFF'S PROTECTED SPEECH AND WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.).

23. THE NEW YORK STATE <u>CORRECTION LAW</u>, SECTION 45 AND <u>NEW YORK</u> <u>CODES</u>, <u>RULES</u>, <u>REGULATIONS</u>, <u>TITLE 9</u> PARTS 7004.3 AND <u>7004.6</u> ARE UNCONSTITUTIONAL AND VIOLATES THE PLAINTIFF'S FIRST AMENDMENT FREEDOM OF SPEECH RIGHT AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT UNDER THE U.S. CONSTITUTION.

THE DEFENDANTS SOUTHPORT MAILROOM OFFICER R. McCRACKEN, SOUTHPORT SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER'S COMPLIANCE WITH THESE UNCONSTITUTIONAL MAIL CENSORSHIP REGULATIONS (NYCRR, TITLE 9 § 7004.3 AND 7004.6, CORRECTION LAW § 45) PRODUCED DISASTROUS CONSEQUENCES FOR THE PLAINTIFF AND WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.)

NEW YORK STATE DEPARTMENT OF CORRECTIONS MAIL CENSORSHIP REGULATION, NEW YORK CODES RULES REGULATION, TITLE 9 PART 7004.3 STATES:

SHOULD THE CHIEF ADMINISTRATIVE OFFICER, UPON READING ANY INCOMING PRISONER CORRESPONDENCE PURSUANT TO SUBDIVISION B, DETERMINE THAT SUCH CORRESPONDENCE OR ANY PORTION THEREOF CONSTITUTES A THREAT TO THE SAFETY, SECURITY OR GOOD ORDER OF THE FACILITY OR OTHER CORRECTION FACILITY, HE SHALL RETURN THE CORRESPONDENCE TO THE SENDER TOGETHER WITH A WRITTEN STATEMENT SETTING FORTH THE SPECIFIC FACTS AND REASONS UNDERLYING THE DETERMINATION. A COPY OF THIS WRITTEN STATEMENT SHALL BE FORWARDED TO THE INTENDED PRISONER RECIPIENT.

25. New York State Department of Corrections Mail Censorship Regulation New York Codes Rules Regulation, Title 9 Part 7004.6 States 8

SUBSEQUENT TO ANY DETERMINATION MADE PURSUANT TO THIS SECTION THE CHIEF ADMINISTRATIVE OFFICER SHALL, UPON REMOVAL OF THE CONTRABAND CONTAINED IN THE CORRESPONDENCE, FORWARD SUCH CORRESPONDENCE TO THE INTENDED PRISONER RECIPIENT, EXCEPT WHEN SUCH ACTION MAY INTERFERE WITH ANY PENDING CRIMINAL INVESTIGATION OF THE MATTER, THE CHIEF ADMINISTRATIVE OFFICER SHALL GIVE WRITTEN NOTICE TO THE INTENDED PRISONER RECIPIENT THIS WRITTEN NOTICE SHALL INCLUDE 8

(1) THE NAME OF THE SENDER.

(2) THE NATURE OF THE CONTRABAND

(3) A STATEMENT OF THE SPECIFIC FACTS AND REASONS UNDERLYING THE DETERMINATION.

26. New York State Correction Law, Section 45 and New York Codes, Rules, Regulations, Title 9 Parts 7004.3 and 7004.6 are Unconstitutional because It give the defendants complete and unfettered discretion to censor mail and enhances the inherent problem of chilling protected speech, because they do NOT give a reasonable opportunity for the author of the letter to PROTEST the Rejection (censorship) decision and they do NOT provide for an APPEAL of the Rejection decision to an IMPARTIAL THIRD PARTY prior to the letter being returned. This is necessary to ensure fairness.

27. ONCE AGAIN IT SHOULD BE NOTED THAT, DURING THE PLAINTIFF'S TIER 3 DISCIPLINARY HEARING, THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN NOTIFIED THE DEFENDANT HEARING OFFICER J. ESGROW, THAT NO INVESTIGATION WAS EVER CONDUCTED TO DETERMINE IF THE PLAINTIFF AND COUSIN TERRAINE BRADSHAW WERE CO-DEFENDANTS, PRIOR TO, AND ALSO AFTER SHE WROTE THE TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF, WHICH PROVES THAT NEW YORK STATE CORRECTION LAW, SECTION 45, NEW YORK CODES RULES REGULATIONS, TITLE 7 PART 720.4(G)(1) AND NEW YORK CODES RULES REGULATIONS, TITLE 9 PARTS 7004.3 AND 7004.6 CAN AND WAS USED AS AN EXCUSE BY PRISON OFFICIALS, INCLUDING DEFENDANTS MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER, TO CENSOR, WITHHOLD AND DESTROY MAIL "ON THE SPOT" AND FAIL TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.).

① 28. NEW YORK STATE DEPARTMENT OF CORRECTIONS DIRECTIVE 4040,
② NEW YORK CODES, RULES, REGULATIONS, TITLE 7 PARTS 701 AND 702,
AND ③ NEW YORK STATE CORRECTION LAW, SECTIONS 138 AND 139,
ARE UNCONSTITUTIONAL AND ARE DEFICIENT UNDER THE
MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS.
① NEW YORK STATE DEPARTMENT OF CORRECTIONS DIRECTIVE 4040,
② NEW YORK CODES, RULES, REGULATIONS, TITLE 7 PARTS 701 AND 702,
AND ③ NEW YORK STATE CORRECTION LAW, SECTIONS 138 AND 139
IS A GENERAL GRIEVANCE PROCEDURE UNRELATED TO THE
MAIL CENSORSHIP REGULATIONS.

29. THE PURPOSE OF THE GRIEVANCE PROCEDURE IS TO PROVIDE
INMATES WITH A METHOD OF PRESENTING COMPLAINTS WHICH
"RELATE TO ANY ASPECT OF INSTITUTIONAL LIFE".
IT MAY CONCERN DEPARTMENTAL OR LOCAL INSTITUTIONAL
POLICIES, PROCEDURES, RULES AND REGULATIONS, OR THE
APPLICATION OF ANY OF THESE TO THE GRIEVANT.
AS AN INITIAL OBSERVATION, IT IS CLEAR THAT IF AN
INMATE IS NEVER NOTIFIED THAT A LETTER HAS BEEN
REJECTED, HE WOULD NOT BE ABLE TO CHALLENGE THE
DECISION THROUGH A GRIEVANCE PROCEDURE.
SINCE NEW YORK STATE DEPARTMENT OF CORRECTIONS, DIRECTIVE 4040,
NEW YORK CODES, RULES, REGULATION, TITLE 7 PARTS 701 AND 702,
AND NEW YORK STATE CORRECTION LAW, SECTIONS 138 AND 139
DOES NOT ADDRESS THE NEED FOR NOTIFYING THE AUTHOR OF REJECTION
AND ARE DEFICIENT UNDER THE MINIMUM MAIL CENSORSHIP DUE PROCESS
PROCEDURAL SAFEGUARDS AND ARE UNCONSTITUTIONAL.

30. New York State Department of Corrections Directive 4040, New York Codes, Rules, Regulations, Title 7 Parts 701 And 702, And New York State Correction Law, Sections 138 And 139, Are Rules, Regulations And Laws Relevant To And For The Grievance Program.

Therefore, An Author Of A Letter Who Wishes To Challenge A Rejection And The Withholding Of A Letter Is Unable To Utilize This Mechanism.

New York State Department Of Corrections Directive 4040, New York Codes, Rules, Regulations, Title 7 Parts 701 And 702, And New York State Correction Law, Section 138 And 139, Fails To Provide For The Minimum Mail Censorship Due Process Procedural Safeguards And It Allows For Mail Censorship To Occur And It Allows For The Letter To Be Returned To The Sender, Withheld, Or Destroyed Before The Grievance Would Be Resolved Or Even Filed.

31. New York Codes Rules Regulation, Title 7 Part 720.4(6)(1) Does Not Require That A Letter Be Saved Pending Grievance Procedures; Rather It Allows Prison Officials To Make Unilateral Decision To Return A Letter To The Sender, Withhold The Letter, Or Destroy The Letter, Apparently On The Spot.

As A Result, The Grievance Procedure (Directive 4040, NYCRR Title 7 § 701, 702 And Correction Law § 138, 139) Are Inadequate Because They Do Not Prevent Unjustified Censorship.

32.* Prison officials (Defendants) carry the burden of justifying a mail censorship decision, so a post rejection grievance procedure does not adequately address the threat of the arbitrary suppression of speech and places a burden on the plaintiff, which is not his to carry. The plaintiff had a reasonable expectation that his letter dated November 7th, 2007, to a California prison official requesting information about his co-defendant in a California criminal case would not be used for general investigative purposes.

33.* New York codes rules regulation, Title 7 part 720.4(e)(1) is not rationally related to a legitimate and neutral governmental objective, and this regulation is an exaggerated response by prison officials. It is inappropriate on constitutional grounds, and irrational to permit drastic curtailment of constitutional rights in the name of punishment, while denying the plaintiff with a full opportunity to pursue his appeals and post rejection remedies.

34. DEFENDANTS COMMISSIONER FREDRICK LAMY, COMMISSIONER FRANCES SULLIVAN AND CHAIRMAN DANIEL STEWART ARE IN CHARGE OF ADVISING, RECOMMENDING, PROMULGATING AND CREATING RULES, REGULATIONS, STANDARDS, POLICY AND PROCEDURES FOR THE DEFENDANT GOVERNOR ELIOT SPITZER AND DEFENDANT COMMISSIONER BRIAN FISCHER FOR THE OPERATION OF THE NEW YORK STATE CORRECTIONAL FACILITIES, WHICH ULTIMATELY MUST BE APPROVED BY DEFENDANTS GOVERNOR ELIOT SPITZER AND COMMISSIONER BRIAN FISCHER.

35. DEFENDANTS COMMISSIONER FREDRICK LAMY, COMMISSIONER FRANCES SULLIVAN AND CHAIRMAN DANIEL STEWART ARE LIABLE AND RESPONSIBLE FOR CREATING AND PROMULGATING NEW YORK CODES RULES REGULATION, TITLE 7 PART 720.4(G)(1), NEW YORK CODES RULES REGULATIONS, TITLE 9 PARTS 7004.3 AND 7004.6, AND NEW YORK STATE CORRECTION LAW, SECTION 45 WHICH ARE ALL UNCONSTITUTIONAL, AND DEFENDANTS SOUTHPORT MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER'S COMPLIANCE WITH NEW YORK CODES RULES REGULATION, TITLE 9 PARTS 7004.3 AND 7004.6, NEW YORK CODES RULES REGULATION, TITLE 7 PART 720.4(G)(1) AND NEW YORK STATE CORRECTION LAW, SECTION 45, WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A **TOTAL** OF 14 MONTHS IN THE SECURITY HOUSING UNIT. (S.H.U.)

36. DEFENDANTS COMMISSIONER FREDRICK LAMY, COMMISSIONER FRANCES SULLIVAN AND CHAIRMAN DANIEL STEWART ARE LIABLE AND RESPONSIBLE FOR PRODUCING THE PLAINTIFF INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.) BASED ON THE FACT THAT THEY ARE LIABLE AND RESPONSIBLE FOR ALLOWING FOR, NEW YORK CODES RULES REGULATION TITLE 7 PART 720.4(G)(1), NEW YORK CODES RULES REGULATIONS TITLE 9 PARTS 7004.3 AND 7004.6 AND NEW YORK STATE CORRECTION LAW, SECTION 45, TO REMAIN REGULATIONS AND LAWS OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, DESPITE THEIR KNOWLEDGE THAT THESE LAWS AND REGULATIONS (NYCRR TITLE 9 § 7004.3, 7004.6 AND CORRECTION LAW § 45) FAIL TO PROVIDE THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS, WHICH ENABLED DEFENDANTS SOUTHPORT MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER TO VIOLATE THE PLAINTIFF'S FIRST AMENDMENT FREEDOM OF SPEECH RIGHT AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT. THE DEFENDANT GOVERNOR ELIOT SPITZER IS ALSO LIABLE FOR THE INJURIES THAT THE PLAINTIFF SUSTAINED BASED ON THE FACT THAT HE APPROVED OF NEW YORK CODES RULES REGULATIONS, TITLE 7 PART 720.4(G)(1), NEW YORK CODES RULES REGULATIONS, TITLE 9 PARTS 7004.3 AND 7004.6, NEW YORK CORRECTION LAW, SECTION 45 AND ALLOWED THIS UNCONSTITUTIONAL REGULATIONS AND LAWS TO REMAIN IN EFFECT, DESPITE HIS KNOWLEDGE THAT THEY WERE UNCONSTITUTIONAL.

37.: INMATES INCARCERATED IN THE SOUTHPORT CORRECTIONAL FACILITY'S LEVEL 3 GALLERIES ARE GIVEN A TIME CUT WHICH CONSISTS OF HAVING (2/3) TWO THIRDS OF THEIR REMAINING S.H.U. (SECURITY HOUSING UNITS) TIME CUT. THE DEFENDANT SOUTHPORT SUPERINTENDENT DAVID NAPOLI REFUSED TO MOVE THE PLAINTIFF TO A LEVEL 3 GALLERY BASED ON THE FACT THAT THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN ISSUED A TIER 3 MISBEHAVIOR REPORT AGAINST THE PLAINTIFF. AT THE TIME THE TIER 3 MISBEHAVIOR REPORT WAS ISSUED AGAINST THE PLAINTIFF, BY THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN, THE PLAINTIFF WAS HOUSED ON A LEVEL 2 GALLERY AND WAS NUMBER ONE (1*) ON THE LEVEL 3 GALLERY WAITING LIST. HOWEVER, THE PLAINTIFF WAS NOT ALLOWED TO MOVE TO A LEVEL 3 GALLERY BASED ON THE TIER 3 MISBEHAVIOR REPORT FILED AGAINST HIM, BY THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN.

38#. AT THE TIME THE TIER 3 MISBEHAVIOR REPORT WAS FILED AGAINST THE PLAINTIFF, THE PLAINTIFF HAD 12 MONTHS REMAINING ON HIS S.H.U. SENTENCE WHICH MEANS THAT THE PLAINTIFF WOULD OF HAD 8 MONTHS TAKEN OFF OF HIS S.H.U. SENTENCE IF HE WAS ON A LEVEL 3 GALLERY.

HOWEVER, SINCE THE PLAINTIFF IS BEING DENIED AN OPPORTUNITY TO MOVE TO A LEVEL 3 GALLERY, HE WILL NOT RECIEVE A LEVEL 3 TIME CUT, WHICH MEANS THE PLAINTIFF WILL HAVE TO SERVE THE ENTIRE 8 MONTHS IN THE S.H.U. THAT WOULD OF BEEN TAKEN OFF HIS S.H.U. SENTENCE BY RECIEVING A TIER 3 S.H.U. TIME CUT, WHICH MEANS THE PLAINTIFF WILL HAVE TO SERVE 8 MONTHS DUE TO THE FACT THAT THE PLAINTIFF RECIEVED A TIER 3 MISBEHAVIOR REPORT, WRITTEN BY DEFENDANT MAILROOM OFFICER R. McCRACKEN, BASED ON THE FACT THAT HIS NOVEMBER 7TH, 2007 LETTER WAS UNJUSTIFIABLY CENSORED, REJECTED AND WITHHELD BY DEFENDANTS MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI AND COMMISSIONER BRIAN FISCHER AND ALSO DUE TO THE FACT THAT THE PLAINTIFF WAS NOT PROVIDED WITH THE MINIMUM MAIL CENSORSHIP PROCEDURAL SAFEGUARDS BY ALL OF THE DEFENDANTS, WHICH WAS NEEDED IN ORDER FOR THE PLAINTIFF TO CONTEST THE CENSORSHIP DECISION

39. FROM NOVEMBER 30TH, 2007 TO DECEMBER 28TH, 2007, THE PLAINTIFF WAS INVOLVED IN A TIER 3 DISCIPLINARY HEARING TO CONTEST DEPARTMENT OF CORRECTIONS RULES OF CONDUCT, RULES # 113.27 AND # 180.11. ON DECEMBER 28TH, 2007, THE PLAINTIFF WAS FOUND GUILTY OF THE TIER 3 MISBEHAVIOR REPORT WRITTEN BY DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN. THE PLAINTIFF WAS FOUND GUILTY OF RULES # 113.27 AND # 180.11 BY DEFENDANT HEARING OFFICER J. ESGROW WHO WAS BIASED AGAINST THE PLAINTIFF THROUGHOUT THE TIER 3 DISCIPLINARY HEARING. AN IMPARTIAL DECISIONMAKER IS A FUNDAMENTAL REQUIREMENT FOR PROVIDING MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS. THE DEFENDANT HEARING OFFICER J. ESGROW REFUSED TO INVESTIGATE AND TRUTHFULLY RESEARCH THE PLAINTIFF'S DOCUMENTARY EVIDENCE THAT HIS COUSIN TERRAINE BRADSHAW WAS A CO-DEFENDANT IN THE PLAINTIFF'S CALIFORNIA CRIMINAL CASE. THE DEFENDANT HEARING OFFICER J. ESGROW OBJECTED TO EVERY QUESTION THAT THE PLAINTIFF ATTEMPTED TO ASK THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN, WHICH VIOLATES THE PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT. THE DEFENDANT SOUTHPORT MAILROOM OFFICER R. McCRACKEN NOTIFIED THE DEFENDANT HEARING OFFICER J. ESGROW, THAT NO INVESTIGATION WAS EVER CONDUCTED TO DETERMINE IF THE PLAINTIFF AND HIS COUSIN TERRAINE BRADSHAW WERE CO-DEFENDANTS, WHICH ___NS THAT TITLE 7 § 720.4 (C)(1) CAN BE USED AS AN EXCUSE TO CENSOR MAIL

41# ON DECEMBER 28TH, 2007, THE DEFENDANT HEARING OFFICER J. ESGROW IMPOSED A 6 MONTH S.H.U. (SECURITY HOUSING UNIT) PENALTY ON THE PLAINTIFF WHICH MEANS THE PLAINTIFF WILL HAVE TO SERVE A TOTAL OF 14 MONTHS (6 MON. + 8 MON.) IN THE S.H.U., IF YOU TAKE INTO ACCOUNT THE FACT THAT THE PLAINTIFF WOULD OF HAD 8 MONTHS SUBTRACTED FROM HIS S.H.U. RELEASE DATE IF HE WAS ALLOWED AN OPPORTUNITY TO MOVE TO A LEVEL 3 GALLERY WHICH THE PLAINTIFF WAS NOT ALLOWED AN OPPORTUNITY TO DO, DUE TO THE FACT THAT THE PLAINTIFF WAS ISSUED A TIER 3 MISBEHAVIOR REPORT BY DEFENDANT SOUTHPORT MAILROOM OFFICER R. MC CRACKEN. THE DEFENDANTS SOUTHPORT MAILROOM OFFICER R. MCCRACKEN SOUTHPORT SUPERINTENDENT DAVID NAPOLI, COMMISSIONER BRIAN FISCHER AND HEARING OFFICER J. ESGROW FAILURE TO GIVE NOTICE TO THE PLAINTIFF THAT HIS LETTER WAS CENSORED, SEIZED AND WITHHELD AND ALL OF THE DEFENDANTS FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS PRODUCED DISASTROUS CONSEQUENCES FOR THE PLAINTIFF, AND WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.)

DATED 8 JAN 11TH, 2008  ANDRE SMITH, PRO SE
DIN #: 03A6565
SOUTHPORT Correctional Facility
P.O. BOX 2000
PINE CITY, NEW YORK 14871

PAGE 29 OF 44

43# DEFENDANT <u>COMMISSIONER BRIAN FISCHER</u> IS IN CHARGE OF THE DAILY OPERATIONS OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS SERVICES, HIS FAILURE TO GIVE EXPLICIT INSTRUCTIONS AS TO THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS ENTITLED TO THE PLAINTIFF DURING THE INVESTIGATION INTO HIS NOVEMBER 7TH, 2007 LETTER TO CALIFORNIA AUTHORITIES AND HIS ENFORCEMENT OF THE UNCONSTITUTIONAL MAIL CENSORSHIP REGULATION, NEW YORK COMP. CODES RULES REGULATION TITLE 7 PART 720.4 (G)(1) MAKE HIM LIABLE FOR THE INJURIES THE PLAINTIFF SUSTAINED, WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNIT (S.H.U.).

# DEFENDANT SOUTHPORT SUPERINTENDENT DAVID NAPOLI IS IN CHARGE OF THE DAY TO DAY OPERATIONS AT THE SOUTHPORT CORRECTIONAL FACILITY AND FOR THE TRAINING AND CONDUCT OF HIS/HER OFFICERS, HIS FAILURE TO GIVE EXPLICIT INSTRUCTIONS TO THE DEFENDANT MAILROOM OFFICER R. MCCRACKEN, AS TO THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS TO BE FOLLOWED IN NOTIFYING THE PLAINTIFF THAT HIS LETTER WAS CENSORED AND BEING WITHHELD MAKES HIM LIABLE FOR THE INJURIES THE PLAINTIFF SUSTAINED, WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNIT.

DEFENDANT COMMISSIONER BRIAN FISCHER IMPLEMENTS POLICIES REGARDING THE TREATMENT OF INMATES INCARCERATED IN THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES.

## PLAINTIFF's LIST OF CLAIMS

1#. THE PLAINTIFF STATES A <u>FIRST AMENDMENT FREEDOM OF SPEECH CLAIM</u> BASED ON THE DEFENDANTS MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI, COMMISSIONER BRIAN FISCHER AND HEARING OFFICER J. ESGROW FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND THEIR COMPLIANCE WITH AN UNCONSTITUTIONAL MAIL CENSORSHIP REGULATION (NEW YORK COMP. CODES RULES REGULATION, TITLE 7 PART 720-4 (G)(1) ) AND ALSO BASED ON THE INADEQUATE GRIEVANCE PROCEDURE (DIRECTIVE 4040) THAT THE PLAINTIFF WAS FORCED TO USE, ALL OF WHICH WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF's INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.).

2#. THE PLAINTIFF STATES A <u>FIRST AMENDMENT RETALIATION CLAIM</u> BASED ON DEFENDANT MAILROOM OFFICER R. McCRACKEN FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS IN RETALIATION FOR THE PLAINTIFF's PURSUIT OF A GRIEVANCE AND COMPLAINT AGAINST HER AND THE ENTIRE MAILROOM STAFF.

3#. THE PLAINTIFF STATES A <u>FIRST AMENDMENT ACCESS</u> <u>TO THE COURTS CLAIM</u> BASED ON THE DEFENDANTS MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI, COMMISSIONER BRIAN FISCHER AND HEARING OFFICER J. ESGROW    FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS WHICH DEPRIVED THE PLAINTIFF OF RECIEVING INFORMATION ABOUT HIS CO-DEFENDANT, BOTH OF WHOM WERE PROCEEDING <u>PRO PER</u> IN THEIR CALIFORNIA CRIMINAL CASE, WHICH HINDERED AND HURT THE PLAINTIFF'S ABILITY TO PURSUE AND LITIGATE HIS CALIFORNIA CRIMINAL CASE, <u>PRO PER</u>.

4#. THE PLAINTIFF STATES A <u>SIXTH AMENDMENT RIGHT</u> <u>TO COUNSEL CLAIM</u> BASED ON THE FACT THAT THE DEFENDANTS MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI, COMMISSIONER BRIAN FISCHER AND HEARING OFFICER J. ESGROW FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS WHICH DEPRIVED THE PLAINTIFF OF RECIEVING INFORMATION ABOUT HIS CO-DEFENDANT, BOTH OF WHOM WERE PROCEEDING <u>PRO PER</u> (PRO SE) IN THEIR CALIFORNIA CRIMINAL CASE, WHICH HINDERED AND HURT THE PLAINTIFF'S ABILITY TO PURSUE AND LITIGATE HIS CALIFORNIA CRIMINAL CASE, <u>PRO PER</u> .

5#. THE PLAINTIFF STATES A EIGHT AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM BASED ON DEFENDANTS MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI, COMMISSIONER BRIAN FISCHER AND HEARING OFFICER J. ESGROW INTENTIONAL FAILURE TO CONDUCT AN COMPLETE INVESTIGATION INTO WHETHER THE PLAINTIFF AND HIS COUSIN TERRAINE BRADSHAW WERE CO-DEFENDANTS, WHICH ALL OF THE DEFENDANTS KNEW WOULD CREATE A SUBSTANTIAL RISK OF SERIOUS HARM TO THE PLAINTIFF AND ALSO BASED ON ALL OF THE DEFENDANTS INTENTIONAL FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS, ALL OF WHICH WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.)

6.* THE PLAINTIFF STATES A <u>FOURTEENTH AMENDMENT</u> <u>DUE PROCESS CLAIM</u> BASED ON DEFENDANTS MAILROOM OFFICER R. McCRACKEN, SUPERINTENDENT DAVID NAPOLI, COMMISSIONER BRIAN FISCHER AND HEARING OFFICER ESGROW, FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND THEIR COMPLIANCE WITH AN UNCONSTITUTIONAL MAIL CENSORSHIP REGULATION (NEW YORK COMP. CODES RULES REGULATION, TITLE 7 PART 720.4 (G)(1), AND ALSO BASED ON THE INADEQUATE GRIEVANCE PROCEDURE (DIRECTIVE 4040) THAT THE PLAINTIFF WAS FORCED TO USE, AND ALL OF THE DEFENDANTS INTENTIONAL FAILURE TO CONDUCT AN COMPLETE INVESTIGATION INTO WHETHER THE PLAINTIFF AND HIS COUSIN TERRAINE BRADSHAW WERE CO-DEFENDANTS, WHICH ALL OF THE DEFENDANTS KNEW WOULD CREATE A SUBSTANTIAL RISK OF SERIOUS HARM TO THE PLAINTIFF, ALL OF THE ABOVE FACTORS WERE A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.).

7#. THE PLAINTIFF STATES THAT <u>NEW YORK CODES RULES</u> <u>REGULATION</u>, <u>TITLE 7</u>   PART 720.4(G)(1) IS <u>UNCONSTITUTIONAL</u> DUE TO THE FACT THAT IT FAILS TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND ALL OF THE EIGHT DEFENDANTS APPROVAL AND COMPLIANCE WITH THIS REGULATION WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS.(SHU)

8#. THE PLAINTIFF STATES THAT <u>NEW YORK CODES RULES</u> <u>REGULATION</u>, <u>TITLE 9</u> <u>PARTS 7004.3</u> AND <u>7004.6</u> ARE <u>UNCONSTITUTIONAL</u> DUE TO THE FACT THAT THEY FAIL TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND ALL OF THE EIGHT DEFENDANTS APPROVAL AND COMPLIANCE WITH THIS REGULATION WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS. ( S.H.U.)

9#. THE PLAINTIFF STATES THAT NEW YORK STATE CORRECTION LAW, SECTION 45 IS UNCONSTITUTIONAL DUE TO THE FACT THAT IT FAILS TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND ALL OF THE EIGHT DEFENDANTS APPROVAL AND COMPLIANCE WITH THIS STATE LAW WAS A SUBSTANTIAL FACTOR IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS. (S.H.U.)

10#. THE PLAINTIFF STATES THAT NEW YORK STATE DEPARTMENT OF CORRECTIONS, DIRECTIVE 4040, IS UNCONSTITUTIONAL DUE TO THE FACT THAT IT IS DEFICIENT UNDER THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND VIOLATES THE FIRST AMENDMENT FREEDOM OF SPEECH AND FOURTEENTH AMENDMENT DUE PROCESS.

11#. THE PLAINTIFF STATES THAT NEW YORK CODES RULES REGULATIONS, TITLE 7 PART 701 AND 702 IS UNCONSTITUTIONAL DUE TO THE FACT THAT IT IS DEFICIENT UNDER THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND VIOLATES THE FIRST AMENDMENT FREEDOM OF SPEECH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE.

12#. THE PLAINTIFF STATES THAT NEW YORK STATE CORRECTION LAW, SECTION 138 AND 139 IS UNCONSTITUTIONAL DUE TO THE FACT THAT IT IS DEFICIENT UNDER THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND VIOLATES THE FIRST AMENDMENT FREEDOM OF SPEECH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE.

\* DATED : JANUARY 11TH, 2008

SINCERELY,

André Smith
ANDRÉ SMITH, PRO SE
DIN#: 03A6565
SOUTHPORT CORRECTIONAL FACILITY
P.O. BOX 2000
PINE CITY, NEW YORK 14871

## PRAYER FOR RELIEF

THE PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING:

1\*. THE PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $420,000 FOR THE PAIN, SUFFERING AND EMOTIONAL DISTRESS CAUSED TO THE PLAINTIFF, BY ALL EIGHT DEFENDANTS, BASED ON THE DEFENDANTS FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND THEIR COMPLIANCE WITH UNCONSTITUTIONAL MAIL CENSORSHIP REGULATIONS (NEW YORK CODES RULES REGULATIONS, TITLE 7 PART 720.4(G)(1), TITLE 9 PART 7004.3 AND PART 7004.6) AND ALSO BASED ON THE INADEQUATE GRIEVANCE PROCEDURE (DIRECTIVE 4040, NEW YORK CODES, RULES, REGULATIONS, TITLE 7 PARTS 701 AND 702) THAT THE PLAINTIFF WAS FORCED TO USE, ALL OF WHICH WAS SUBSTANTIAL FACTORS IN PRODUCING THE PLAINTIFF'S INJURIES WHICH WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS WHICH EQUALS 420 DAYS IN THE SECURITY HOUSING UNITS THE PLAINTIFF WOULD LIKE TO BE COMPENSATED $1,000 FOR EACH DAY (420) THAT HE IS FORCED TO REMAIN IN THE SECURITY HOUSING UNITS DUE TO THE DEFENDANTS MISCONDUCT, FOR A GRAND TOTAL OF $420,000.

2#. THE PLAINTIFF <u>PUNITIVE DAMAGES</u> IN THE AMOUNT OF $580,000 DUE TO THE DELIBERATE INDIFFERENCE, RECKLESS DISREGARD AND CALLOUS INDIFFERENCE TO THE PLAINTIFF'S RIGHTS BY ALL EIGHT DEFENDANTS, BASED ON THEIR FAILURE TO PROVIDE THE PLAINTIFF WITH THE MINIMUM MAIL CENSORSHIP DUE PROCESS PROCEDURAL SAFEGUARDS AND THEIR COMPLIANCE WITH AN UNCONSTITUTIONAL MAIL CENSORSHIP REGULATION (NEW YORK COMP. CODES RULES REGULATIONS, TITLE 7 PART 720.4 (G)(1), TITLE 9 PARTS 7004.3 AND 7004.6) AND ALSO BASED ON THE INADEQUATE GRIEVANCE PROCEDURE (DIRECTIVE 4040, NEW YORK CODES RULES REGULATION, TITLE 7 PART 701 AND 702) THAT THE PLAINTIFF WAS FORCED TO USE, AND ALL OF THE DEFENDANTS INTENTIONAL <u>FAILURE</u> TO CONDUCT A COMPLETE INVESTIGATION INTO WHETHER THE PLAINTIFF AND HIS COUSIN TERRAINE BRADSHAW WERE CO-DEFENDANTS, WHICH ALL OF THE DEFENDANTS KNEW WOULD CREATE A SUBSTANTIAL RISK OF SERIOUS HARM TO THE PLAINTIFF, AND THE DEFENDANTS MAILROOM OFFICER R. McCRACKEN'S RETALIATORY ACTIONS, ALL OF THE ABOVE FACTORS WERE A SUBSTANTIAL FACTORS IN PRODUCING THE PLAINTIFF'S INJURIES WAS A TOTAL OF 14 MONTHS IN THE SECURITY HOUSING UNITS (S.H.U.).

3*. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

4*. A JURY TRIAL ON ALL ISSUES AND CLAIMS TRIABLE BY JURY.

5*. THE PLAINTIFF COSTS IN THIS SUIT.

6*. THE PLAINTIFF INJUNCTIVE RELIEF AND ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

* DATED ° JANUARY 11TH, 2008

SINCERELY,

André Smith
ANDRÉ SMITH, Prose

DIN#° 03A6565

SOUTHPORT CORRECTIONAL FACILITY
P.O. BOX 2000
PINE CITY, NEW YORK 14871