UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE SMITH, 03-A-6565,

        Plaintiff,

   -v-

GOVERNOR ELIOT SPITZER,
COMMISSIONER BRIAN FISCHER,
COMMISSIONER FREDRICK LAMY,
COMMISSIONER FRANCES SULLIVAN,
CHAIRMAN DANIEL STEWART,
SUPERINTENDENT DAVID NAPOLI,
CORRECTIONS OFFICER R.McCRACKEN, and
HEARING OFFICER J. ESGROW,

        Defendants.

DECISION AND ORDER
08-CV-6029CJS

---

Plaintiff Andre Smith, an inmate proceeding *pro se*, has been granted permission to proceed *in forma pauperis*. The U. S. Marshal was directed to serve copies of the Summons and Complaint upon defendants then-Governor Eliot Spitzer, Commissioner Brian Fischer, Commissioner Fredrick Lamy, Commissioner Frances Sullivan, Chairman Daniel Stewart, Superintendent David Napoli, Corrections Officer R. McCracken, and Hearing Officer J. Esgrow.

Service was executed on Commissioner Fredrick Lamy, Chairman Daniel Stewart and Commissioner Frances Sullivan. The Clerk of the Court has filed Entry of Default as to these defendants. Plaintiff filed a motion for Default Judgement with respect to these defendants, and there has been no response or opposition from the defendants. Prior to determining whether to grant default judgment against these defendants, however, the Court reviews the claims to specify the nature and extent of plaintiff's claims against these

three defendants. Plaintiff claims that former-Governor Elliot Spitzer, Commissioner Fredrick Lamy, Chairman Daniel Stewart and Commissioner Frances Sullivan created and implemented state regulations and policies regarding his mail that violates his First Amendment rights.

A prerequisite for liability under § 1983 is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). Such involvement on the part of a supervisory official may be alleged by asserting, among other things, that the official "created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it...". *Sealey v. Giltner*, 116 F.3d at 51 (citing *Williams v. Smith*, 781 F.2d at 323-24). Accepting plaintiff's allegations as true, he has alleged the personal involvement of these defendants as individuals.

To the extent that plaintiff is suing these defendants in their official capacity, however, the Court considers whether the Eleventh Amendment bars the claims against them absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, for the purpose of the Eleventh Amendment analysis, claims made against the defendants in their officials capacities are really claims against the State of New York. *Pietraszewski*, 1997 WL 436763, at *1 n. 2; *Shimon v. Department of Correctional Services for State of N.Y.*, 1996 WL 15688, at *2 (S.D.N.Y. January 17, 1996) (suit against DOCS' employee in his official capacity is really

a suit against the State). Here, the defendants have not consented to be sued. *Pennhurst,* 465 U.S. at 99-101. "An official arm of the state," such as the New York State Department of Corrections, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 414 (2d Cir. 1999). Claims seeking damages from these defendants in their official capacities are be barred by the Eleventh Amendment.

Plaintiff is also seeking injunctive relief regarding the continuing alleged violations of his First Amendment rights. Thus, plaintiff's claims against the State of New York and the defendants in their official capacity for which he is seeking proscriptive injunctive relief may be exempt from the Eleventh Amendment bar. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Public Service Com'n of Maryland,* 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296 (1997). Therefore, the claims raised against these defendants in their official capacity are limited to plaintiff's request for injunctive relief, and, in reality, are raised against the State of New York.

Plaintiff has established that these three defendants have been served and has obtained the Clerk's entry of default. Plaintiff has submitted papers in support of his motion in which he alleges that the defendants' default is willful and that he will suffer prejudice if default judgment is not granted. Accordingly, plaintiff has set forth the basic requirement granting default judgment. Nevertheless, the default cannot be granted

3

without a determination of the remedies. Accordingly, the Court shall set a date for an inquest by separate order.

With respect to the remaining defendants—former-Governor Elliot Spitzer, Commissioner Brian Fischer, Superintendent David Napoli, Corrections Officer R. McCracken, and Hearing Officer J. Esgrow—the U. S. Marshal has not provided proof of service. Therefore, plaintiff has not established that he is entitled to Clerk's Entry of Default with respect to these defendants, and has not set forth a basis for default judgment against these remaining defendants.

Plaintiff is entitled, however, to additional time and support regarding service. Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *and see Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam); *Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (If a *pro se* prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Fed.R.Civ. 4(m)).

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon the remaining defendants for an additional 120 days, Fed.R.Civ.P. 4(m); *see Romandette v. Weetabix*, 807 F.2d 309, 311 (2d Cir. 1986) (interpreting Rule 4(j), the predecessor subdivision to Rule 4(m)); *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994); *see generally Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57-58 (E.D.N.Y.1999) (collecting cases).

The Clerk of the Court is directed to again cause the United States Marshal to serve the Summons and Complaint on the New York State Attorney General Andrew Cuomo, former-Governor Elliot Spitzer, Commissioner Brian Fischer, Superintendent David Napoli, Corrections Officer R. McCracken, and Hearing Officer J. Esgrow.

Additionally, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court directs the Clerk of the Court to send a copy of the Complaint, together with this Order, to the Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614. The Court requests that the Assistant Attorney General ascertain proper addresses for these defendants. The Assistant Attorney General need not undertake to defend or indemnify the individual defendants at this juncture. This order merely provides a means by which plaintiff may properly serve the remaining defendants as instructed by the Second Circuit in *Valentin*. The New York State Attorney General is hereby requested to produce the information specified above by **April 30, 2009**. Once this information is provided amended summonses shall be issued and the Court shall direct service on the remaining defendants at the addresses provided.

**ORDER**

IT IS HEREBY ORDERED, that plaintiff's motion for default judgment will be addressed through an inquest that will be arranged in a separate Order;

FURTHER, that plaintiff's time in which to serve the Summons and Complaint is extended an additional 120 days from the date of entry of this Order;

FURTHER, that the Clerk of the Court is directed to send a copy of the Complaint, together with this Order, to the Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614;

FURTHER, that the Assistant Attorney General is hereby requested to respond to this Order by **April 30, 2009**;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve the summons and complaint upon the New York State Attorney General Andrew Cuomo, former-Governor Elliot Spitzer, Commissioner Brian Fischer, Superintendent David Napoli, Corrections Officer R. McCracken, and Hearing Officer J. Esgrow; and

FURTHER, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated: __FEB. 5__, 2009
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge