UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE SMITH,

                                       Plaintiff,

                  -vs-                                       DECISION & ORDER

ELIOT SPITZER, *et al.*,[1]                         08-CV-6029-CJS

                                     Defendants.

---

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Andre Smith, Plaintiff, *pro se* <br> AK1711 <br> North Kern State Prison <br> Box 4999 <br> Delano, CA 93216 |
| For Defendants: | J. Richard Benitez, A.A.G. <br> New York State Office of the Attorney General <br> 144 Exchange Blvd, Suite 200 <br> Rochester, NY 14614 |

**INTRODUCTION**

**Siragusa, J.** Plaintiff, Andre Smith, filed this *pro se* action seeking relief under 42 U.S.C. § 1983, Jan. 16, 2008, ECF No. 1. Before the Court is Defendants' motion, filed May 15, 2009, ECF No. 21, seeking summary judgment and, in alternative, leave to amend the answer. For the reasons stated below, the application is denied.

---

[1]Since three of the defendants, Fredrick Lamy, Frances Sullivan and Daniel Stewart, have defaulted, *see* Clerk's Entry of Default, Sept. 19, 2008, ECF No. 10, *and* Decision and Order at 1, Feb. 6, 2009, ECF No. 14, the Court presumes that defense counsel only meant to include the remaining defendants, Eliot Spitzer, Brian Fischer, David Napoli, R. McCracken and J. Esgrow, in this motion.

## BACKGROUND

The following are the facts of the case viewed in the light most favorable to Plaintiff, the non-moving party. Defendants are (former) Governor Spitzer, Chairman Stewart, Superintendent Napoli, Corrections Officer McCracken, and Hearing Officer Esgrow. All were, in some capacity, involved with Southport Correctional Facility while Plaintiff was an inmate there.

On November 1, 2007, Plaintiff filed a grievance against Mailroom Officer McCracken for improperly denying him family photos sent in an oversized envelope. Subsequently, Plaintiff mailed a letter to his cousin inquiring about his sentencing in a criminal matter in which Plaintiff is a co-defendant. This letter was censured by the correctional facility on or about November 17, 2007, and copies were sent to Governor Spitzer, Dept. of Correctional Services Commissioner Fischer, Southport Correctional Facility Superintendent Napoli, and Mailroom Officer McCracken. Plaintiff was not given notice that his mail had been censured. Plaintiff alleges this censorship of his mail violated his constitutional rights.

On November 20, 2007, Officer McCracken issued Plaintiff a Tier III misbehavior report for improper possession of sentencing information about another inmate and failure to comply with rules regarding correspondence. New York State Dept. of Correctional Services Institutional Rules of Conduct, rule 113.27 states:

> An inmate shall not solicit, possess or exchange any disciplinary or grievance document pertaining to another inmate, or any document which contains crime and sentence information pertaining to another inmate who is not a codefendant . . . .

N.Y. COMP. CODES R. & REGS. tit. 7, § 270.2. Plaintiff alleges that this report is false and was filed in retaliation for Plaintiff's November 1, 2007, grievance.

During the resulting disciplinary hearing, Plaintiff claims that he was denied procedural due process because Officer McCracken and Hearing Officer Esgrow failed to conduct any investigation into the co-defendant relationship between Plaintiff and his cousin. Plaintiff further claims that Superintendent Napoli failed to correct this violation upon review. Plaintiff was then relocated to Special Housing Units ("SHU") for fourteen months, allegedly in violation of his constitutional rights.

In reviewing Plaintiff's *pro se* claim, this Court broadly interpreted Plaintiff's allegations to identify five distinct claims. First, Plaintiff claims denial of access to court because the improper censure of his mail hindered his ability to litigate his criminal action. Second, Plaintiff claims Officer McCracken's retaliatory misbehavior report caused Plaintiff to be subject to punishment for the exercise of his First Amendment rights. Third, Plaintiff claims he was denied procedural due process during his disciplinary hearing and review because the officers failed to conduct an investigation. Fourth, Plaintiff claims that New York State regulations regarding correspondence and the policy implementation violated his constitutional rights because Plaintiff was not given notice that his mail had been censured. Finally, Plaintiff claims that he was improperly relocated to another housing gallery.

In the Decision and Order dated May 12, 2008, ECF No. 3, this Court held that two of Plaintiff's five claims were subject to dismissal for failure to state a claim. Plaintiff's

access to court claim and housing relocation claim were dismissed with prejudice.[2] This Court further held that Plaintiff's three remaining claims—retaliation in violation of his First Amendment rights, denial of procedural due process rights during disciplinary hearing, and challenges to the mail regulations—were not subject to dismissal. The Court concluded that, "the [claims] did state a claim on which relief could be granted." Decision & Order at 5, May 13, 2008, ECF No. 3 (citing *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam)).

In the Decision and Order dated February 6, 2009, ECF No. 14, this Court granted Plaintiff additional time and support to serve summons on Defendants Spitzer, Fischer, Napoli, McCracken, and Esgrow.[3] The Court extended the time in which Plaintiff could serve the summons and complaint on the remaining defendants 120 days, until June 6, 2009.

On February 13, 2009, Defendants filed their first responsive pleading. Answer, ECF No. 15. In the answer, Defendants Esgrow, Spitzer, Fischer, Lamy, Sullivan, Napoli and McCracken raised eight affirmative defenses. In this initial pleading, Defendants did not raise the affirmative defense of lack of personal jurisdiction.

On May 15, 2009, Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), 28 U.S.C. § 1915(e)(2)(B) and, in the alternative, sought leave to

---

[2] The Court granted Plaintiff leave to file an amended complaint with respect to the two claims subject to dismissal. Decision and Order, May 13, 2008, ECF No. 3. However, Plaintiff chose not to file an amended complaint. Pl's Letter, May 24, 2008, ECF No. 4. Therefore, the two claims were effectively dismissed with prejudice without further court order.

[3] Plaintiff was granted permission to proceed *in forma pauperis*; thus, it is the responsibility of the Court to effect service of the summons. Decision and Order, Feb. 6, 2009, ECF No. 14.

amend the answer pursuant to Rule 15(a)(2). ECF No. 21. Defendants' motion included a certificate of service to Plaintiff and the following notice:

> **RULE 56 MOTIONS FOR SUMMARY JUDGMENT – IRBY NOTICE**
>
> (*See* Irby v. New York City Transit Authority, 262 F.3d 412 (2d Cir. 2001))
>
> A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
>
> **Failure to Respond to A Motion For Summary Judgment May Result inThe Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.**
>
> **Opposing Affidavits and Exhibits**
>
> Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.
>
> **Statement of Material Facts Requiring a Trial**
>
> If the motion seeks summary judgment against you, you **MUST** also submit a separate, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried. *See* Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). **Note** that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine issue to be tried) will be deemed to have been admitted by you unless you

> controvert the facts in your statement of material facts presenting a genuine issue requiring a trial.
>
> **Memorandum of Law**
>
> If the motion seeks summary judgment against you, you **MUST** also submit a separate answering memorandum of law, Local Rule 7.1(e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the non-complying party. **NOTE:** If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you state on the notice of motion that you wish to do so and/or if the court order scheduling the motion gives you the opportunity for doing so. *See* Local Rules of Civil Procedure Rule 7.1(c).

Defs.' Mot. for Summ. J. at 2, ECF No. 21. In Defendants' proposed amended answer, Defendants included three additional affirmative defenses. *Id*. at 4-5. The proposed "Ninth" and "Tenth" affirmative defenses claim lack of personal jurisdiction over Defendants Spitzer, Napoli, Esgrow and McCracken because "the method of service was not authorized by the Federal Rules or any incorporated state procedure." *Id.* at 4. The proposed "Eleventh" affirmative defense alleges that Plaintiff's housing relocation and access to court claims are barred by *res judicata*. *Id.* at 5.

## STANDARDS OF LAW

*Summary Judgement*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the

burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993);

*Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

In their two-page memorandum of law, Defendants' argument in support of their summary judgment motion, in its entirety, is as follows:

> Defendants Spitzer, Fischer, Sullivan, Stewart and Napoli respectfully request that the Court direct entry of final judgment as a matter of law based on the Court's Decision and Order dated May 8 [sic][4], 2008. See, Docket # 3, and Rule 54(b). Or, in the alternative, as the Court noted the original complaint fails to state a claim against these defendants upon which relief can be granted as a matter of law.

Def.s' Mem. of Law at 1, May 15, 2009, ECF No. 21-2.

---

[4] Defendants refer to "Docket # 3" as "the Court's Decision and order dated May 8, 2008." The Court presumes the defense intended to reference the Decision and Order dated May 12, 2008, ECF No. 3.

In its Decision and Order, the Court cautioned Plaintiff that his two claims "will be dismissed unless [he] files an amended complaint…." *Id*., at 1–2. Plaintiff informed the Court in a letter that, "the <u>Plaintiff</u> will <u>not</u> file an amended complaint…." Letter from Plaintiff to the Court (May 24, 2008) at 1, ECF No. 4. Since Plaintiff chose not to file an amended complaint as directed in that Order, those two causes of action are dismissed.

Also in its May 12, 2008, Decision and Order, the Court held that Plaintiff sufficiently stated three claims against Defendants on which relief could be granted, his Second, Third and Fourth causes of action. Other than citing to the Court's prior decision, Defendants have made no argument that they are entitled to summary judgment on those three remaining claims, which are more specifically: Second, Plaintiff claims Officer McCracken's retaliatory misbehavior report caused Plaintiff to be subject to punishment for the exercise of his First Amendment rights; Third, Plaintiff claims he was denied procedural due process during his disciplinary hearing and review because the officers failed to conduct an investigation; and Fourth, Plaintiff claims that New York State regulations regarding correspondence and the policy implementation violated his constitutional rights because Plaintiff was not given notice that his mail had been censured.

Therefore, the only two claims that are dismissed are Plaintiff's First and Fifth. The Second through Fourth remain.

***Leave to Amend Answer***

In the alternative, Defendants move for "leave to amend the answer pursuant to Rule 15(a)(2)." Def.s' Mot. for Summ. J. at 1, May 15, 2009, ECF No. 21. The defense of lack of personal jurisdiction, enumerated in Rule 12(b)(2), is a "due process right that may

be waived either explicitly or implicitly." *Transaero, Inc., v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2nd Cir. 1998). The Federal Rules of Civil Procedure provide that each defense listed in 12(b)(2)–(5) is waived if the defense fails to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) *as a matter of course*." Fed. R. Civ. P. 12(h)(1) (emphasis added). Rule 15(a)(1), governing amendments as a matter of course, allows a pleading to be amended once within 21 days of serving it, or within 21 days after service of a responsive pleading (if one is required).

Defendants' proposed amended answer contains two affirmative defenses, "Ninth Affirmative Defense" and "Tenth Affirmative Defense," that raise the defense of lack of personal jurisdiction. Proposed Amended Answer at 4, May 19, 2009, ECF No. 21-3. An amendment to an initial pleading that raises the defense of personal jurisdiction is only permitted pursuant to Rule 15(a)(1), and not Rule 15(a)(2) as the defense requests. *See* Fed. R. Civ. P. 12(h)(1)(B)(ii) ("A party waives any defense listed in Rule 12(b)(2)–(5) by: … failing to either … include it in … an amendment allowed by Rule 15(a)(1) as a matter of course."). An amendment under Rule 15(a)(1) can only be allowed if made within 21 days of filing the pleading. In this case, approximately 91 days lapsed between the answer and the motion to amend the answer. Consequently, the amendment is not permitted as a matter of course and the defenses attempted to be raised are deemed waived.

Defendants' proposed amended answer also contains one additional affirmative defense, "Eleventh Affirmative Defense," that raises the defense of *res judicata* for Plaintiff's claims of housing relocation and access to court. Proposed Amended Compl. at 5 ("Plaintiff's claims of housing and access to court(s) are barred by res judicata."). However, as the Court has stated above, Plaintiff's claims of housing and access to the

court are dismissed. Therefore, Defendants' motion to add the Eleventh Affirmative Defense is moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's First and Fifth claims are dismissed, and Defendants' motion for summary judgment and, in the alternative, leave to amend the answer, is denied.

IT IS SO ORDERED.

Dated: August 15, 2012
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge